IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HERMAN D. STEWART, JR.,** | ) |
| **PLAINTIFF,** | ) |
| **VS.** | ) |
| **CHRISTOPHER B. PITTS, P.C.;** | ) |
| **HOOKS VAN HOLM, INC.; U.S.** | **2:09-cv-407-JHH** |
| **DEPARTMENT OF HOUSING &** | ) |
| **URBAN DEVELOPMENT;** | |
| **SHADELL NIX WILLIAMS;** | ) |
| **VICKY BLANTON; and** | |
| **CHRISTOPHER B. PITTS,** | ) |
| **DEFENDANTS.** | ) |

**MEMORANDUM OF DECISION**

The court has before it two motions to dismiss. The first motion (doc. #7), filed by the United States Department of Housing and Urban Development (HUD), seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) of the plaintiff's complaint alleging a cause of action for negligence against HUD for lack of jurisdiction. The second motion (doc. #18), filed by defendants Hooks Van Holm, Inc. and Vicky Blanton, seeks dismissal of the complaint because the court does not have subject matter jurisdiction. Both motions are well-taken.

## I.  BACKGROUND

On February 9, 2009, plaintiff Herman D. Stewart, Jr. filed a pro se complaint (doc. #1) against HUD, the law firm of Christopher D. Pitts, P.C., Shadell Nix Williams, Christopher D. Pitts, Hooks Van Holm, Inc. and Vicky Blanton.  The complaint invokes the jurisdiction of the court "pursuant to 28 U.S.C. Section 1332 and the Fifth Amendment to the U.S. Constitution."  (Id. ¶ 3.)

The complaint alleges that Stewart entered into a contract to purchase a home from HUD.  (Id. ¶ 4.)  Stewart contends that he paid $3,494.54 as a down payment and $1,000.00 as an earnest money deposit.  (Id.)  However, a dispute arose at closing, apparently surrounding whether HUD or Stewart was obligated to pay a repair escrow, and the sale did not go through.  (Id.)  The complaint further alleges that although defendant Christopher D. Pitts agreed to return the down payment and earnest money, he has not done so.  (Id.)  Finally, the complaint alleges that HUD negligently supervised its agents.  (Id.)

On March 4, 2009, the court entered an order (doc. #2) inviting the plaintiff and defendants to comment on the viability of the court's jurisdiction.  Although none of the defendants had been served with the complaint at that time, the court instructed the clerk to mail an "information copy" of the complaint to the defendants, along with the order inviting comment.

In response to that order, on March 10, 2009, defendant HUD filed the instant motion (doc. #7) to dismiss. Then, on March 23, 2009, Plaintiff filed a response to the court's order. (Doc. #13.) Plaintiff's response seems to be an attempt to amend his complaint to include a claim under the "National Housing Act" and/or the "APA . . . 5 U.S.C. § 702." (Id. at 4.) The next day, defendants Hooks Van Holm, Inc. and Vicky Blanton filed their motion (doc. #18) to dismiss.

## II. DISCUSSION

As stated above, the pro se complaint itself asserts diversity jurisdiction and jurisdiction under the Fifth Amendment. In addition, plaintiff's response to the court's March 4, 2009 order, seems to be an attempt to amend the complaint to also allege federal question jurisdiction under the National Housing Act and the Administrative Procedure Act. Even under a liberal review of the plaintiff's complaint, see Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990), this court does not have jurisdiction.

First, the court does not have diversity jurisdiction. Diversity jurisdiction exists where the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Regardless of the amount in controversy[1], the action is not between

---

[1] The complaint asks for $4,494.54, plus interest and punitive damages. (Compl. ¶ 5.)

citizens of different states as plaintiff and at least three of the defendants are citizens of the state of Alabama. (See Compl. ¶¶ 1-2.) Therefore, the court does not have diversity jurisdiction. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").

Second, the court does not have jurisdiction under the Fifth Amendment to the Constitution. The Fifth Amendment states that "no person shall . . . be deprived of life, liberty, or property without due process of law. . . ." U.S. Const. amend. V. Reading the complaint liberally, it does not allege a colorable constitutional claim under the Fifth Amendment. Therefore, the court does not have jurisdiction under the Fifth Amendment.

Third, the court does not have jurisdiction over the negligence claim alleged against HUD. It is undisputed that the plaintiff did not comply with the provisions of 28 U.S.C. § 2675(a), a prerequisite to filing suit against the United States. See Lynkins v. Pointer, 725 F.2d 645, 646 (11th Cir. 1984).

Finally, if the court were to construe the plaintiff's response to the court's March 4, 2009 order as an amendment to the complaint, neither statute confers jurisdiction. First, there is no provision for judicial review in the National Housing Act itself. See Shivers v. Landrieu, 674 F.2d 906, 910 (D.C. Cir. 1981).

Second, although the Administrative Procedure Act does confer jurisdiction over some types of claims, the claims asserted by plaintiff do not fall within that realm.[2] See 5 U.S.C. §§ 702, 704.

### III.  CONCLUSION

For the foregoing reasons, the motions (docs. #7 & 18) to dismiss are **GRANTED** and Stewart's complaint is due to be dismissed, without prejudice.[3] A separate order will be entered dismissing the entire action for lack of jurisdiction.

**DONE** this the   2nd   day of April, 2009.

                                               /s/ James H. Hancock
                                           SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The APA permits judicial review of "final agency action." 5 U.S.C. § 704. Agency action is considered "final" when: (1) the action marks "the 'consummation' of the agency's decisionmaking process;" or (2) the action is one by which " 'rights or obligations have been determined,' or from which 'legal consequences will flow.' " Bennett v. Spear, 520 U.S. 154, 177-78, 117 S. Ct. 1154, 1168 (citations omitted).

[3] Although this court does not have jurisdiction over the claims alleged in the complaint, the plaintiff may bring his claims in a suitable state court.